**UNITED STATED DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| JASON LYVERS | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   Civil Action No. 3:25-cv-479-GNS |
| | ) |
| DAWN FOOD PRODUCTS, INC. | ) |
| | ) |
| Defendant | ) |

**NOTICE OF REMOVAL**

Defendant, Dawn Food Products, Inc. ("Dawn"), by and through counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby notifies this Court of its removal of the above-captioned action currently pending as Civil Action No. 25-CI-005275 in the Jefferson County Circuit Court in Louisville, Kentucky. As grounds for removal, Defendant states as follows:

1. On July 3, 2025 Plaintiff Jason Lyvers filed a lawsuit against Defendant in the Jefferson County Circuit Court in Louisville, Kentucky. [**Ex. 1 – Complaint**]. The claims asserted by Plaintiff in this action arise from his employment with and separation from Dawn.

2. Defendant was served with a copy of the Complaint on July 10, 2025 through its registered agent for service of process.

3. This Notice of Removal is therefore timely under 28 U.S.C. § 1446, having been filed within thirty (30) days of service.

4. Dawn has not been served with any other papers, pleadings, or orders in this matter and has not filed any papers or pleadings in this action.

5. Consistent with 28 U.S.C. §1446(a), true and correct copies of the pleadings and process served upon Defendant to date in the state court matter are attached hereto as Exhibit 1.

6. Pursuant to 28 U.S.C. §§ 1441 and 1446, the above-described action may be removed to this Court on the basis of diversity jurisdiction.

## Diversity of Citizenship

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 by reason of complete diversity of citizenship between the parties.

8. For diversity purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated, and of the State wherein it has its principal place of business." 28 U.S.C. § 1332(c)(1). As stated in the Complaint, Dawn is incorporated under the laws of Michigan, and has its principal place of business in Jackson, Michigan. [**Ex. 1, ¶¶ 2-3; Ex. 2 – Affidavit of Teri Wolvin, ¶ 2**].

9. Based upon Plaintiff's allegations in the Complaint, he is a resident of Louisville, Kentucky. **Ex. 1, ¶ 1.**

10. The parties are therefore completely diverse for purposes of jurisdiction.

## Amount in Controversy

11. Although Plaintiff does not articulate a specific amount of damages, his claimed damages, exclusive of interests and costs, indicate it is "more likely than not" that the amount in controversy exceeds $75,000. *See Hampton v. Safeco Ins. Co. of America*, 614 Fed. Appx. 321, 323 (6th Cir. 2015). Defendant does not concede that Plaintiff is entitled to any damages whatsoever, and thus the figures set forth in this Notice of Removal are offered simply for purposes of establishing jurisdiction. *See US Framing International LLC v. Continental Building Co.*, 134 F.4th 423, 430 (6th Cir. 2025) ("A removing defendant who seeks to establish that the amount in controversy is greater than the jurisdictional requirement does not automatically concede that it is recoverable").

12. Specifically, Plaintiff seeks damages for "economic, personal and other losses," as well as for "humiliation, embarrassment, apprehension about his future, and emotional stress" arising out of his termination of employment. Plaintiff additionally requests an award of attorneys' fees. [**Ex. 1 – Complaint, "Prayer for Relief" ¶¶ 2-4**].

13. At the time of his termination in 2023, Plaintiff's annual salary was $102,060.92. [**Ex. 2, ¶ 5**].

14. Given Plaintiff's level of annual compensation, and the two years that have passed since his termination, removal is proper because it is more likely than not that the amount in controversy exceeds the jurisdictional threshold of $75,000. Plaintiff's request for attorneys' fees and damages for emotional stress likewise makes it more likely than not that the amount in controversy exceeds the jurisdictional threshold.

15. In sum, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### Proper District and Venue

16. The United States District Court for the Western District of Kentucky is the proper judicial district for this action because it presides over Jefferson County, the county within which the Complaint was filed and where the action is currently pending. *See* 28 U.S.C. § 1441(a).

17. The Louisville Division of this District is the proper division for this action pursuant to Local Rule 3.1(b)(1).

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served upon opposing counsel and promptly will be filed with the Clerk of Jefferson Circuit Court.

WHEREFORE, Defendant respectfully notifies this Court, the Clerk of Jefferson Circuit Court, and the parties of the removal of this action to this Federal District Court.

        Respectfully submitted,

        *s/Anthony K. Glenn*
        Anthony K. Glenn
        BARNES & THORNBURG LLP
        11 S. Meridian St.
        Indianapolis, IN 46204
        317.231.7808 (P)
        317.236.1313 (F)
        anthony.glenn@btlaw.com

*Attorneys for Defendant Dawn Food Products, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of July, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by regular U.S. mail.

        Samuel G. Hayward Jr.
        Tilford Dobbins & Schmidt, PLLC
        401 W. Main St, Ste. 1400
        Louisville, Kentucky 40202
        sghayw@gmail.com

                                      *s/Anthony K. Glenn*
                                      Anthony K. Glenn